**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAMIAN TRAPANI,

                         Plaintiff,

            - v -                                   Civ. No. 1:10-CV-1353
                                                                              (TJM/RFT)

ROBERT CARNEY, *District Attorney*; JANE DOE, *Asst.*
*District Attorney*,

                         Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

DAMIAN TRAPANI
Plaintiff, *Pro Se*
08-CV-5642
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court a civil rights Complaint and a Motion to Proceed *In Forma Pauperis* (IFP) filed by *pro se* Plaintiff Damian Trapani, who is currently incarcerated at Auburn Correctional Facility. Dkt. No. 1, Compl.; Dkt. No. 2, IFP App. Trapani brings this action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his constitutional rights through their abuse of process.

### I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Plaintiff has submitted an *In Forma Pauperis* Application. The Prison Litigation Reform

Act (PLRA), codified in part at 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay over a period of time the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. After reviewing Plaintiff's Application, we find that he may properly proceed with this matter *in forma pauperis*.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Plaintiff frames his cause of action as one sounding in abuse of process. He claims that at some point during the month of October 2007, Defendants came to his home and handed him and his then-significant other, Terry Wesch, a grand jury subpoena regarding Joseph Bell, a former neighbor and associate, who was facing charges for a murder that occurred outside of Plaintiff's residence. Compl. at Attach. ¶¶ 9-14. The "return date" on the subpoena was for "sometime between November 4, 2007 and November 30, 2007." *Id*. at ¶ 13. Plaintiff and Ms. Wesch appeared at the County Courthouse on date and time specified in the subpoena. *Id*. at ¶ 15. Rather than being called to testify, they were asked to wait for a "substantial amount of time." *Id*. at ¶¶ 16-18. During this time, Ms. Wesch was suffering effects of her diabetes. *Id*. at ¶¶ 18-19. Plaintiff asked to leave so that Ms. Wesch could get medical attention, at which point Defendant Jane Doe offered Ms. Wesch a soda "to get [them] to stay." *Id*. at ¶¶ 19-20. At some point they were advised that there

was no grand jury scheduled to convene. *Id*. at ¶ 21. Then, over the next hour, Defendants questioned Plaintiff and Ms. Wesch about the murder that occurred outside their apartment. *Id*. at ¶¶ 22 & 24. Upon Plaintiff's and Ms. Wesch's departure, Jane Doe called them an ambulance. *Id*. at ¶ 24. Plaintiff asserts that Defendants "knowingly abused . . . subpoena powers by transforming a court process into a function of [their] own office" and because of Defendants' actions, he suffered substantial emotional injury. *Id*. at ¶¶ 27-32.

To state a claim of abuse of process, a plaintiff must assert that a defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (noting that an abuse of process claim is applicable for criminal and civil matters). Construing his claims liberally, we find that Plaintiff states, at least, the bare minimum of facts to satisfy the first prong, in that he alleges that Defendants employed the regularly issued legal process of grand jury subpoenas to compel performance of some act, namely, Plaintiff's appearance at the county courthouse. We question, however, whether his factual allegations satisfy the second and third prongs. To set forth a claim for abuse of process, it is not enough that the process was perverted, there must also be an improper motive and purpose. *Champberlain v. Lishansky*, 970 F. Supp. 118, 121-22 (N.D.N.Y. 1997). With regard to the second prong, Plaintiff's Complaint is bereft of any factual allegation relating to a suspect motive or improper purpose. By his own allegations, Defendants brought him to the courthouse under allegedly false pretenses in order to question him about an ongoing investigation into a murder that occurred outside his residence. This was the very subject he believed he was there to testify about, only, instead of being presented to the grand jury

to testify, he was questioned by Defendants. There is no allegation that he was not free to leave at any time, nor does he claim to have been thereafter charged with a crime. There is no allegation that the Defendants acted with intent to do harm. The fact that his companion may have suffered physical harm from her medical condition does not translate into a nefarious intent on Defendants' behalf.[1]

Plaintiff also falls short of asserting enough facts that satisfy the third prong. Admittedly, the legitimate ends of a subpoena is to obtain testimony and documents, which, while technically were not procured by Defendants, information regarding the crime being investigated was nevertheless elicited. *See Lukowski v. County of Seneca*, 2009 WL 467075, at *8 (W.D.N.Y. Feb. 24, 2009) (noting that using a subpoena "for anything other than obtaining testimony and documents from plaintiffs . . . . are "'collateral objectives' outside the legitimate ends of the [subpoena] process"). The New York Court of Appeals established that "[w]here process is manipulated to achieve some collateral advantage, whether it be denominated extortion, blackmail or retribution, the tort of abuse of process will be available to the injured party." *Bd. of Educ. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Assoc., Inc.*, 343 N.E.2d 278, 283 (N.Y. 1975) (quoted in *Chamberlain v. Lishansky*, 970 F. Supp. at 121). There simply are not enough facts alleged to allow this Court to find that Defendants utilized their subpoena power with an improper motive to achieve an improper end.[2] Without these vital elements, Plaintiff cannot state a cause of action for abuse of process against the named and unnamed Defendants and dismissal is

---

[1] In any event, to the extent Plaintiff asserts the Defendants violated his companion's rights, we note that he lacks standing to assert such cause of action.

[2] Unlike the defendants in *Lukowski*, who utilized the subpoena power in order to ascertain the identities of the plaintiffs who initiated an anonymous online smear campaign against the defendants' election bids, the Defendants in this case pressed the Plaintiff for information he may have possessed regarding a murder.

appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of his *pro se* status, however, we recommend that prior to dismissing this action, Plaintiff be given one final opportunity to amend his pleading.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without**

**further Order of the Court**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis* (Dkt. No. 2) is **granted**;[3] and it is further

**RECOMMENDED**, that this action be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above.  In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper.  Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

---

[3] Plaintiff should note that although the Application to Proceed *In Forma Pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

Date:  December 13, 2010
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge